IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALRIC C. BERRY, *
    Plaintiff,
  v. * CIVIL ACTION NO. ELH-13-1919

DIRECTOR OF FINANCE FOR *
  BALTIMORE CITY
SGT. THOMAS ENGEL *
JOHN DOE
ROBERT DOE, ETC. *
    Defendants.
*
*****

MEMORANDUM

On June 27, 2013, plaintiff, presently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, filed this civil rights action under 42 U.S.C. § 1983, alleging the "failure to return unlawfully seized money $5,243.00 dollars that was taken on or about January 17, 2003, in the City of Baltimore, Maryland by the City Police Department." ECF No. 1. The complaint is accompanied by plaintiff's motion for leave to proceed in forma pauperis, which shall be granted. The complaint shall, however, be summarily dismissed.

Insofar as plaintiff seeks review under the civil rights statute for the return of monies allegedly seized from him by local authorities approximately ten years ago, his claim is time-barred.[1] Gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by

---

[1] The state court docket shows that on January 18, 2003, plaintiff was charged with marijuana possession in the District Court for Baltimore City. The charge was stetted on March 26, 2003. *See State v. Berry*, Criminal No. 5B01497795 (copy attached.).

state law. *Id.* at 49; *see also Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985). Consequently, upon review of Maryland's limitations provisions, it appears that Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code (2013 Repl. Vol.), Cts. & Jud. Proc., § 5-101; *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (state statute of limitations for personal injury torts applies in a 42 U.S.C. § 1983 action).

Although the state statute of limitations applies, the time of accrual of the cause of action is a federal question. *See Wallace*, 549 U.S. at 388; *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when plaintiff knows or has reason to know of his injury. *Id.* At the latest, plaintiff should have known of his injuries in January 2003, when the monies were allegedly taken from him. Because the instant complaint was filed more than ten years later, the statute of limitations bars consideration of plaintiff's civil rights claims.[2]

---

[2] Further, Maryland law provides that money seized in connection with the illegal use, possession or distribution of drugs is subject to forfeiture proceedings. *See* Md. Code (2008 Repl. Vol., 2012 Supp.), Crim. Proc. § 12-102(a)(6). The burden of proof is upon the claimant to rebut the State's presumption that the money is subject to forfeiture. *See* Md. Code, Crim. Proc. § 12-102(b)(1)(ii). If forfeiture proceedings are not instituted by the State within ninety days of the final disposition of criminal charges, the money shall be returned to the defendant upon request. *Id.*, § 12-304(c)(2). However, if the individual whose money was seized fails to request return of the money within one year from the date of final disposition of criminal proceedings, the money reverts to the political subdivision in which the money was seized or the State treasury, if the money was seized by State authorities. Md. Code, Crim. Proc. § 12-304(c)(3)(i).

Because Plaintiff's prisoner civil rights case fails to state a claim and is premised on an "indisputably meritless legal theory," his case shall be dismissed, pursuant to 28 U.S.C. § 1915(e).[3] He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[4] This constitutes the first § 1915(e) strike to be assessed against plaintiff. A separate Order follows.

Date: July 3, 2013

/s/
Ellen Lipton Hollander
United States District Judge

---

[3] 28 U.S.C. § 1915(e)(2) states:

  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

  (A) the allegation of poverty is untrue; or
  (B) the action or appeal--
  (i) is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or
  (iii) seeks monetary relief against a defendant who is immune from such relief.

[4] 28 U.S.C. § 1915(g) states as follows:

  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

  Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.